IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 05-cv-01103-WYD-BNB

QUENTIN THORNTON

Plaintiff,

v.

SGT. CLARK MARTIN,
SGT. RICHARD GUERRERO,
OFF. ANTHONY GETTLER,
OFF. KIRK FOUTS,
OFF. MARK DAVIS, and
SGT. LOREN COLLIER,

Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter is before me on the plaintiff's **Motion Requesting Temporary Restraining Order** (the "Motion"), filed September 13, 2005. I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff seeks a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. Rule 65(b) provides that no temporary restraining order shall be granted without notice to the adverse party unless "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition."

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established. Goldammer v. Fay, 326 F.2d 268, 270 (10th Cir. 1964). The burden is on the movant to establish his right to the relief requested. Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). The plaintiff has failed to meet this burden.

The plaintiff asserts that he is currently incarcerated by the Colorado Department of Corrections at the Limon Correctional Facility. *Motion*, ¶ 3. On June 17, 2004, while incarcerated at the Denver County Jail, the plaintiff was assaulted by Denver County Sheriff Loren Collier. *Complaint*, p. 3. Collier was assisted by defendants Martin, Guerrero, Gettler, Fouts, and Davis. Id. The plaintiff sustained injuries to his face and eye. Id.

The plaintiff is currently involved in a criminal case which necessitates that he be held at the Denver County Jail while he appears in Denver County Court. *Motion*, ¶ 4. The plaintiff's next court appearance will be during the first week of October 2005. Id. at ¶ 5. "The Plaintiff's experience and injuries incurred at the hands of the Defendant's, [sic] have instilled in him a justifiable fear related to being in the custody of and in contact with these Defendants." Id. at ¶ 7. As a result of his fear, the plaintiff requests that he be held in a facility other than the Denver County Jail during his court appearance or, in the alternative, that the defendants be prohibited from having any contact with him while he is at the Denver County Jail. Id.

Injunctions are issued "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." Connecticut v. Massachusetts, 282 U.S. 660, 674 (1931). Here, the plaintiff does not allege an existing or presently threatened injury. Accordingly, I respectfully

RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 21, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge