IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01103-WYD-BNB

QUENTIN THORNTON,

    Plaintiff,

v.

SGT. LOREN COLLIER,
SGT. RICHARD GUERRERO,
SGT. CLARK MARTIN,
OFFICER ANTHONY GETTLER,
OFFICER KIRK FOUTS,
OFFICER MARK DAVIS,

    Defendants.

**ORDER**

THIS MATTER is before the Court on Defendants' Motion for Leave to Amend the Final Pretrial Order and File Motion for Summary Judgment (filed June 25, 2007). A response in opposition to the motion was filed on June 29, 2007. For the reasons stated below, Defendants' motion is denied.

I.    <u>Factual Background</u>

The Scheduling Order in this case was issued on November 22, 2005, and set a deadline for the filing of dispositive motions for May 1, 2006. No dispositive motions were filed. The Pretrial Order filed in this case on July 20, 2006 stated that discovery had been completed and there were no pending motions. By Minute Order of August 10, 2006, trial was set to commence July 23, 2007. In June 2007, Michael T. Lowe and

Sean Timothy Olsen of the law firm of Bruno, Colin, Jewell & Lowe, P.C. entered an appearance as co-counsel on behalf of the Defendants.

At a status conference on June 18, 2007 and by Minute Order of the same date, the trial in July 2007 was vacated and reset to commence on November 26, 2007. The resetting of trial was due to solely to a conflict on the Court's schedule and not by a request to continue the trial by the parties. After being put on notice of the continuance, defense counsel then indicated that they wished to file an out-of-time summary judgment motion and that the Pretrial Order should be amended to allow the filing of same. Counsel was ordered to file a motion on those issues. Co-counsel who recently entered an appearance on behalf of Defendants filed the motion which is now at issue.

II      Analysis

While Defendants move to amend the Pretrial Order, I note that the deadline for filing dispositive motions was actually set in the Scheduling Order. While the Pretrial Order controls the course of the action after its entry, *see* FED. R. CIV. P. 16(e), the Pretrial Order in this case did not set or establish any deadline for the filing of the pretrial motions. Thus, I analyze Defendants' motion under both the standard for amending a scheduling order and for amending a pretrial order.

A Scheduling Order shall be modified only upon a showing of good cause. FED. R. CIV. P. 16(b). Good cause has been held to mean that "'scheduling deadlines cannot be met despite a party's diligent efforts.'" *Rothermund v. City of Craig*, No. 00-N-311, 2000 WL 1456952, at *1 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v.*

*Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.1997), *aff'd*, 129 F.3d 116 (4th Cir.1997)). "'Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

A Pretrial Order "shall be modified only to prevent manifest injustice." FED. R. CIV. P. 16(e). "[T]he burden of demonstrating manifest injustice falls upon the party moving for modification." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.), *cert. denied*, 531 U.S. 926 (2000). Relevant factors to be considered by the Court in determining whether a party has met its burden in this regard include: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order." *Id.* "'[I]f the evidence or issue was within the knowledge of the party seeking modification [of the pretrial order] at the time of the [pretrial] conference or if modification would place a great burden on the opposing party, then it may not be allowed.'" *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993) (quotation omitted).

Turning to Defendants' motion, Defendants assert that the City of Denver believed that this case would settle for very little money or would be dismissed by the Court, even after Plaintiff obtained counsel. They further assert that the defenses based on qualified immunity and *Heck v. Humphrey* were preserved in the Pretrial Order, but that the City Attorney believed that disputed issues of material fact would preclude summary judgment. Thus, a summary judgment motion was not filed. Counsel asserts that it was not until recently that it became clear that the case would

not settle.  Faced with the prospect of potentially significant punitive damages and the burden of trial, Defendants request that the Pretrial Order be amended to allow them to file a summary judgment motion on the defenses of qualified immunity and *Heck v. Humphrey*.

While Defendants argue that they have good cause to amend the deadline for dispositive motions, I find that they have not established such good cause.  Moreover, I find that Defendants have not shown manifest injustice in connection with the proposed amendment of the Pretrial Order.  First, the fact that Defendants chose not to file a summary judgment earlier appears to be based either on counsels' belief that the case may settle or that a summary judgment motion was not warranted because of the existence of genuine issues of material fact.  Neither of these reasons establishes good cause to amend the deadline to file dispositive motions, which deadline passed over a year ago.  Indeed, an argument that counsel chose not to act based on the belief that the case might settle shows only carelessness, not good cause.

Defendants also rely on the fact that new defense counsel was recently retained to represent their interests and that new counsel believes that a summary judgment is warranted.  This also does not establish good cause or manifest injustice at this late date to amend either the Scheduling Order or the Pretrial Order.  What is apparent from Defendants' motion is that defense counsel consciously chose not to file a summary judgment motion earlier, despite knowing of the existence of these defenses.  The fact that new co-counsel may disagree with that assessment does not provide grounds for relief from the Court imposed deadlines.  While Defendants argue that they

will lose their ability to assert these defenses, this is not true. Instead, as these defenses were properly preserved in the Pretrial Order, I will allow Defendants to present the defenses at trial.

I further find that defense counsel was not diligent in seeking leave to file the summary judgment motion. First, as stated earlier, counsel clearly knew of these defenses much earlier and chose not to file a dispositive motion or to seek relief from the deadlines for the filing of same. Second, while new counsel states that it entered an appearance and sought leave to file a summary judgment motion after it became apparent that their clients' personal interests were at stake, this should have become apparent much earlier. At the very least, this should have become apparent in the summer of 2006 when the Pretrial Order was entered and trial was set. Under these circumstances, the belated decision for co-counsel to enter an appearance on behalf of Defendants does not allow counsel to begin again and disregard prior deadlines set with the input of its co-counsel. It also does not provide grounds for establishing good cause or manifest injustice in connection with amending previously set deadlines.

I also question the timing of this motion. Trial was originally set for July of 2007. But for the fact that the Court had a scheduling conflict, trial would have already occurred. Defendants should not be allowed to take advantage of the fact that the trial was continued for a few months to accommodate the Court's schedule.

It should also be noted that defense counsel has cited no authority that justifies the filing of a summary judgment motion late, even on grounds of qualified immunity, when they cannot establish good cause or manifest injustice to amend the deadline for

the filing of such a motion.  To allow the late filing of a motion simply because new counsel disagree with a prior decision by co-counsel not to file such motions would render court imposed deadlines meaningless.

Finally, I find that Plaintiff would suffer significant prejudice if Defendants were allowed to file a dispositive motion at this late date.  I also find that allowing a late summary judgment motion to be filed would disrupt the orderly and efficient trial of the case  This case has been pending for over two (2) years.  Plaintiff and his counsel have been operating under the assumption that the deadline for filing dispositive motions has passed, and that Defendants were not filing a summary judgment on either the qualified immunity defense or *Heck*.  If I were to allow a motion to be filed now, the trial would most likely have to be continued to allow adequate time for briefing and/or discovery and for the Court to consider and decide the motion.

Moreover, if the summary judgment motion on qualified immunity were denied, Defendants would have the right to file an interlocutory appeal to the Tenth Circuit, which would further delay the case.  Given the amount of time this case has been pending and the fact that Defendants have alleged no new facts that justify the filing of a summary judgment motion, I find that Defendants should not be allowed to amend the deadline for dispositive motions and file a motion out of time.

Based upon the foregoing, it is

ORDERED that Defendants' Motion for Leave to Amend the Final Pretrial Order and File Motion for Summary Judgment (filed June 25, 2007) is **DENIED.**

Dated: August 29, 2007

                                        BY THE COURT:

                                        s/ Wiley Y. Daniel
                                        Wiley Y. Daniel
                                        U. S. District Judge